UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADA HINJINIA ORDONEZ TURCIOS,

Petitioner(s),

v.

WARDEN OF NORTHWEST ICE PROCESSING CENTER, et al.,

Respondent(s).

CASE NO. C26-3017-KKE

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND NEXT FRIEND STANDING

On August 26, 2026, Petitioner's sister-in-law, Jahaira Ordonez, proceeding pro se, filed a petition for a writ of habeas corpus on behalf of Petitioner as her "next friend." Dkt. No. 1. Ms. Ordonez explained that Petitioner is currently detained at the Northwest ICE Processing Center in Tacoma, Washington, and is unable to file the petition herself because she has restricted access to legal materials and is not able to sign any filings. *Id.* at 9. The same day, the Clerk of Court issued a Notice of Filing Deficiency ("Notice"), alerting Ms. Ordonez that her signature as next friend on behalf of Petitioner was not accepted. Dkt. No. 2. The Notice instructed that the deficiency be corrected and filed with the Court by September 25, 2026. *Id.* On August 28, 2026, Ms. Ordonez filed a motion for a temporary restraining order ("TRO") on behalf of Petitioner as her "next friend." Dkt. No. 5. The Government filed a response to the TRO motion. Dkt. No. 6.

"A third party may file a petition for a writ of habeas corpus on behalf of a prisoner only when that third party has standing as a 'next friend.'" *Molina Arzola v. Facility Adm'r*, No. 2:26 CV-00717-DGE, 2026 WL 602221, at *1 (W.D. Wash. Mar. 4, 2026) (citing *United States v. Castle*, Case No. 2:15-cr-0190 KJM DB P, 2022 WL 16836743 at * 1 (E.D. Cal. Nov. 9, 2022)). To establish "next friend" standing, a third party must meet "two firmly rooted prerequisites":

> First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot

> appear on [her] own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest.

*Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)). To carry this burden, the "next friend" must "clearly … establish the propriety of his status and thereby justify jurisdiction of the court." *Whitmore*, 495 U.S. at 164.

In addition to these requirements, third parties may not represent others in court without a licensed attorney—even when the third party has a close relationship to the real party in interest. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("[C]ourts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *see also Molina Arzola*, 2026 WL 602221, at *1 (collecting cases).

Here, regardless of whether Ms. Ordonez would otherwise have "next friend" standing to pursue this action on her sister-in-law's behalf, she may not do so without counsel. Accordingly, either (1) Ms. Ordonez must obtain an attorney if she intends to continue pursuing this action on a "next friend" basis, or (2) Petitioner must notify the Court that she will appear on her own behalf to prosecute this case. If neither of these corrections occur, the Court will dismiss this case without prejudice. And because Ms. Ordonez is not an attorney and may not file motions on behalf of others, the TRO motion (Dkt. No. 5) will be denied without prejudice to refiling if Ms. Ordonez obtains counsel or Petitioner indicates her intent to proceed on her own behalf. *See United States v. Caputo*, No. 114CR00041JLTSKO1, 2023 WL 5207318, at *5 (E.D. Cal. Aug. 14, 2023).[1]

---

[1] The Court notes that under the scheduling order issued on August 26, 2026, the Government is required to provide notice to Petitioner of any intent to transfer Petitioner from this judicial district or remove her from the United States while the petition is pending. Dkt. No. 3. Thus, as the Government noted in its response to the TRO motion:

> ICE cannot remove Petitioner from the United States or transfer h[er] to another facility without first providing at least 7 days notice, which ICE has not done. If ICE does provide notice of an

The Court therefore ORDERS that:

(1) No later than September 25, 2026, ***EITHER***

a. Ms. Ordonez must obtain an attorney, and her attorney must file a notice of appearance in this matter; ***OR***

b. Petitioner Ada Hinjinia Ordonez Turcios must notify the Court in writing that (1) her sister-in-law, Ms. Ordonez, filed the petition for writ of habeas corpus (Dkt. No. 1) with Petitioner's knowledge and permission; (2) Petitioner declares under penalty of perjury that the contents of the petition are true and correct; and (3) Petitioner will appear on her own behalf to prosecute this case going forward.

(2) The motion for temporary restraining order (Dkt. No. 5) is DENIED without prejudice to refiling if either of the two steps outlined in Paragraph (1), above, are taken.

(3) The Clerk is directed to send copies of this Order to Petitioner at the address listed on the docket and to Ms. Ordonez via email to her email address listed on the petition (*see* Dkt. No. 1 at 9).

Dated this 31st day of August, 2026.

Kymberly K. Evanson
United States District Judge

---

intent to remove or transfer Petitioner at some point in the future, [s]he could again seek emergency injunctive relief from the Court.

Dkt. No. 6 at 2.