UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADA HINJINIA ORDONEZ TURCIOS,<br><br>Petitioner(s),<br>v.<br><br>WARDEN OF NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondent(s). | CASE NO. C26-3017-KKE<br><br>ORDER DISMISSING HABEAS PETITION AS MOOT |

On August 26, 2026, Petitioner Ada Hinjinia Ordonez Turcios, through next friend Jahaira Ordonez, filed a petition for writ of habeas corpus challenging her detention by the U.S. Immigration and Customs Enforcement ("ICE") and requesting that the Court order an individualized bond hearing before an immigration judge ("IJ") or order her release. Dkt. No. 1. On September 9, 2026, however, Respondents filed a Return, stating that on September 8, 2026, Petitioner appeared before an IJ, who entered bond in the amount of $12,000. Dkt. No. 9 at 1; *see also* Dkt. No. 12-4 at 16 (copy of IJ order entering bond). Respondents submitted a declaration of Christopher Hubbard, a deportation officer employed by ICE, who attested that Petitioner posted bond on the same day and was released from ICE custody on an order of recognizance ("OREC") on September 8, 2026. *See* Dkt. No. 10 at 2. Respondents assert that because Petitioner has been accorded all the relief sought in her habeas petition, her petition is now moot and should be dismissed. Dkt. No. 9 at 2.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* A petition for habeas relief becomes moot when the petitioner is no longer in custody, so long as there are no collateral consequences from the detention that can be addressed by adjudicating the merits of the petition. *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir. 2007). The only relief Petitioner sought was a bond hearing or immediate release from custody. *See* Dkt. No. 1 at 7. As Petitioner has now been released from ICE custody, and as it appears from the record that there is no collateral consequence that may be redressed by this Court in the instant habeas action, Petitioner's habeas petition is moot. *See, e.g.*, *Sengdara v. Scott*, No. C26-1289-MLP, 2026 WL 1638954, at *2 (W.D. Wash. June 5, 2026) ("Petitioner's claim for immediate release is moot as he has now been released from custody."); *Bromfield v. Mukasey*, No. C08-1323-TSZ-BAT, 2009 WL 62227, at *1 (W.D. Wash. Jan. 8, 2009) ("Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition should be dismissed as moot."); *Hernandez-Hernandez v. ICE Field Off. Dir.*, No. 2:26-CV-02535-SAB, 2026 WL 2285162, at *1 (W.D. Wash. Aug. 7, 2026) ("As Petitioner is no longer in ICE custody and the only relief he sought was immediate release from custody, his Petition is moot.").

Accordingly, Petitioner's habeas petition (Dkt. No. 1) is DISMISSED as moot.

Dated this 21st day of September, 2026.

Kymberly K. Evanson
United States District Judge